UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RODNEY P. RIDL | CIVIL ACTION: |
| VERSUS | |
| | CASE NUMBER: |
| THE UNITED STATES OF AMERICA AND/OR THE DEPARTMENT OF VETERANS AFFAIRS AND VETERANS ADMINISTRATION MEDICAL CENTER NEW ORLEANS, LOUISIANA | SECTION: MAG |

## COMPLAINT

The complaint of Rodney P. Ridl (hereinafter sometimes referred to as "Complainant"), a person of the full age and majority and resident of and domiciled in the Parish of St. Tammany, State of Louisiana, and thus, a resident of the Eastern District of Louisiana, respectfully comes before this Court and complains of the United States Government, as follows, to-wit:

1.

The claims herein are brought against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. section 1346(b)(1), for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the complainant in accordance with the laws of the State of Louisiana.

1

2.

Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Eastern District of Louisiana.

3.

DEFENDANT:

1. **UNITED STATES OF AMERICA, and/or THE DEPARTMENT OF VETERANS AFFAIRS, VETERANS ADMINSTRATION MEDICAL CNTER OF NEW ORLEANS** (hereinafter referred to as "VA"), is a political entity authorized to sue and be sued.

4.

Complainant has fully complied with the provisions of 28 U.S.C. section 2675 of the Federal Tort Claims Act.

5.

This suit has been timely filed, in that the Plaintiff timely served notice of his claim on the United States Department of Veterans Affairs in October 2019. Despite numerous e-mails between the complainant and U.S. Department of Veterans Affairs over the past twenty-one months requesting a decision on the complainant's claim, no decision was ever rendered by the government.

6.

Complainant Rodney Ridl, a fifty-six-year-old male, was diagnosed in July 2018 with a cataract and possibly torn retina in his left eye. At that time, Mr. Ridl was living in Portland,

Oregon. A month later, in August 2018, he began experiencing the same symptoms in his right eye. Diagnostic testing performed at the VA Medical Center in Portland, Oregon revealed that Mr. Ridl had proliferative diabetic retinopathy of both eyes with vitreous hemorrhage. In September 2018, complainant received an Avastin injection and vitrectomy surgery for his left eye. Approximately two weeks later, he underwent the same procedures for his right eye. At the end of October 2018, Mr. Ridl attended his final post-op exam. Having made an excellent recovery to that point, Dr. Taylor, the surgeon who performed the vitrectomies on both eyes at the VA's Portland facility, released him to travel. During that travel, Mr. Ridl suddenly began experiencing decreased vision in his right eye. An appointment was then set with the Temple, Texas VA Medical Center for complainant to continue his treatment as he traveled. Mr. Ridl was scheduled to receive Avastin injections in both eyes at the VA Medical Center in Temple, Texas on November 30, 2018. Unfortunately, upon arrival in Temple, complainant learned that there was no one qualified at that location at that time to administer the Avastin shots. Mr. Ridl was referred to the VA Medical Center in New Orleans to receive his Avastin injections. Dr. Taylor assured him that the two-week delay would not be harmful to his recovery.

7.

Complainant then reported to the VA Medical Center in New Orleans for his appointment on December 18, 2018. Dr. James Diamond, an ophthalmologist employed by the VA, refused to administer the prescribed Avastin shots to Mr. Ridl. Dr. Diamond claimed to not have access to any of Mr. Ridl's previous medical records from the VA, but then proceeded to create, with numerous factual errors, including that Mr. Ridl had previously received retinal reattachment

surgery instead of vitrectomies. Mr. Ridl's medical history. The complainant's attempts to correct the medical history being erroneously created for him by Dr. Diamond were ignored. Dr. Diamond ultimately demanded that the complainant set up a residence in southeast Louisiana as a condition precedent to him receiving treatment at the New Orleans VA and instructed complainant to return to his care after the first of the year. Dr. Diamond concluded that the Portland VA had botched the vitrectomies and Mr. Ridl would be lucky to keep his eye in his head.

8.

Complainant did as Dr. Diamond demanded, and having established his residence in southeast Louisiana, he reported back to the New Orleans VA on January 7, 2019. At this visit, Dr. Diamond prioritized correcting a double vision issue to the exclusion of all else, including a detached retina in Mr. Ridl's right eye, and again refused to administer the injections of Avastin. Dr. Diamond provided no treatment or plan of care to address his previous assertion that Mr. Ridl was in imminent danger of losing his eyes. Complainant was sent away from the January 7, 2019, appointment with further treatment in a state of ambiguity. The following day, Mr. Ridl was so concerned at this turn of events, that he reached out to his surgeon at the Portland VA, Dr. Taylor. Dr. Taylor responded very quickly with a phone call to Mr. Ridl explaining that his retina needed to be fixed, that double vision could be dealt with later, but that Mr. Ridl's care was now controlled by Dr. Diamond.

9.

Complainant began suffering extreme pain in his right eye and returned to the New Orleans VA via the emergency room on January 17, 2019. Complainant was then referred from the

emergency room to the Eye Clinic and begged to be seen by another doctor. However, upon arrival, Dr. Diamond saw to it that he alone would see Mr. Ridl. During this visit, it was determined that Mr. Ridl's agonizing pain in his right eye was due to glaucoma, and he was finally given the shot of Avastin that had been ordered for the end of November. Dr. Diamond went so far as to note in his medical record from this visit that the two previous injections were apparently administered to prevent glaucoma. Complainant was then required to treat with a glaucoma specialist for many months before being eligible for his retinal reattachment surgery. As a result of Dr. Diamond's negligent treatment, complainant has suffered near total blindness in his right eye, with a poor prognosis of ever regaining sight.

10.

James Diamond, M.D., breached the appropriate standard of care, in the following non-exclusive respects:

1. Failure to use reasonable care;

2. Failure to act in a reasonable manner;

3. Negligently acting in a careless or reckless manner;

4. Breaching the appropriate standard of medical care;

5. Breaching all applicable duties of care;

6. Failure to follow customary practices;

7. Failure to adequately assess the risk of glaucoma;

8. Failure to adequately assess the retinal detachment and risk of blindness;

9. Failure to prevent the likelihood of an occurrence of known complications;

10. Failure to administer appropriate medications;

11. Failure to take preventions and precautions to avoid permanent retinal damage;

12. Failure to timely refer the patient for detached retina repair surgery; and

13. All other actions of negligence which will be established at trial.

11.

Under the doctrine of *respondeat superior*, as the employer of James Diamond, M.D. defendant The United States Department of Veterans Affairs is jointly and solidarily liable for the negligent, careless, and incompetent act and omissions which constituted breaches of the standard of care, made all within in the course and scope of Dr. Diamonds' employment, and therefore the abovementioned defendant is liable for the harm resultantly caused.

12.

Moreover, The United States Department of Veterans Affairs independently breached the applicable standard of care in inadequately hiring, training, supervising, evaluating, and retaining its employees to ensure against the abovementioned medical errors from occurring, and as a result caused the abovementioned surgical injuries to occur.

13.

Complainant Ridl itemizes his damages, as follows:

a. Past, present, and future pain and suffering;

b. Past, present, and future mental anguish;

c. Past, present, and future medical expenses;

d. Loss of earning capacity;

  e. Past, present, and future lost wages;

  f. Past, present, and future loss of enjoyment of life;

  g. Disability; and

  h. All other items of general and/or special damages which may be established before the trial of this matter.

14.

Complainant has made amicable demand to no avail.

15.

Complainant seeks all further damages and relief equitable under the circumstances.

16.

Complainant desires and is entitled to judgment herein against the defendants in a reasonable amount to be determined by this honorable court for his damages, which are more than $75,000.00, exclusive of interest, costs, penalties, and attorney's fees.

**WHEREFORE**, Complainant, Rodney P. Ridl prays that the defendants be duly cited to appear and answer this Complaint, that they be served with a copy of same, and that after due proceedings are had herein, there be judgment in his favor and against defendants, The United States Department of Veterans Affairs, individually, jointly, severally, and/or *in solido*, in an amount to be determined by this honorable court together with interest thereon from the date of judicial demand and for all costs of these proceedings.

Complainant further prays for all other relief, general and equitable.

RESPECTFULLY SUBMITTED:

**BRICE JONES & ASSOCIATES, L.L.C.**

_/s/ G. Brice Jones_

**G. BRICE JONES (LSBA#7484)**
PAUL D. HESSE (LSBA#22796)
L. JASON CUCCIA (LSBA#31120)
61025 Highway 1091 (Robert Road)
Slidell, LA  70458
Telephone:	(985) 643-2413
Facsimile:	(985) 649-5830
E-Mail:	brice@bricejoneslaw.net
	jason@bricejoneslaw.net
	paul@bricejoneslaw.net

*Attorneys for Plaintiff, Rodney P. Ridl*

**For purposes of service of process upon the named defendants at the below following addresses, please certify the concurrently submitted summons pursuant to Rule 4 of FRCP:**

**THE UNITED STATES OF AMERICA**
**AND/OR THE DEPARTMENT Of VETERANS AFFAIRS**
**AND VETERANS ADMINSTRATION MEDICAL CENTER**
Through the U.S. Attorney for the Eastern District of Louisiana,
Duane A. Evans
650 Poydras St., Suite 1600
New Orleans, Louisiana 70130

**DEPARTMENT OF VETERANS AFFAIRS**
Through its Office of General Counsel,
Department of Veterans Affairs
Office of General Counsel, Torts Law Group
810 Vermont Avenue, NW
Washington, DC 20420

8