UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RIDL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1996** |
| **UNITED STATES, ET AL.** | **SECTION "L" (4)** |

## ORDER AND REASONS

The Court has before it Defendants' Motion for Summary Judgment. R. Doc. 27. In lieu of an opposition to that motion, Plaintiff has filed his own motion requesting that the Court continue this case for a year to allow him additional time to obtain counsel. R. Doc. 28. Having considered the parties' arguments and the applicable law, the Court rules as follows.

**I.    BACKGROUND**

This case arises out of alleged injuries sustained by Plaintiff, Rodney P. Ridl ("Ridl"). R. Doc. 1. Plaintiff alleges that in August 2018, diagnostic testing at the VA Medical Center in Portland, Oregon ("Portland VA"), revealed that he had proliferative diabetic retinopathy of both eyes with vitreous hemorrhage. *Id.* at 3. Plaintiff alleges that Dr. Taylor, a surgeon at Portland VA, performed an Avastin injection and vitrectomy surgery in each eye. *Id.* Plaintiff alleges that at the end of October 2018, Dr. Taylor released him to travel. *Id.* Plaintiff further alleges that while traveling, he experienced decreased vision in his right eye and set an appointment at the VA Medical Center in Temple, Texas ("Temple VA"), to receive injections. Plaintiff contends that upon arrival, no one was qualified to administer the treatment. *Id.* Plaintiff alleges that he was referred to an

appointment with ophthalmologist, Dr. James Diamond ("Dr. Diamond"), at the VA Medical Center in New Orleans ("New Orleans VA"). *Id.*

Plaintiff alleges that in his appointment on December 18, 2018, Dr. Diamond refused to administer the Avastin injections, did not have access to Ridl's previous medical records, and erroneously reported his medical history. *Id.* at 4. Plaintiff further contends that Dr. Diamond instructed that he set up a local residence as a condition precedent to receiving treatment at the New Orleans VA. *Id.* Plaintiff alleges that he established residence and reported back on January 7, 2019, and that Dr. Diamond provided no treatment or plan of care during this visit. *Id.*

Plaintiff alleges that he went to the emergency room on January 17, 2019, after experiencing extreme pain in his right eye, and was referred to Dr. Diamond. *Id.* at 4-5. He alleges that during this visit, he was diagnosed with glaucoma and given the Avastin injections. *Id.* Plaintiff alleges that he is nearly entirely blind in his right eye, with a poor prognosis of ever regaining sight. *Id.*

As a result of this incident, Plaintiff brought suit, pursuant to the Federal Tort Claims Act, and under the doctrine of *respondeat superior,* against the United States of America, as the employer of Dr. Diamond. *Id.* at 1; 6. Plaintiff alleges the sole and proximate cause of his injuries was the doctor's breach of the appropriate standard of care, including: (1) failing to adequately assess the risk of glaucoma; (2) failing to administer appropriate medications; (3) and negligently acting in a careless or reckless manner. *Id.* at 5-6. Plaintiff seeks damages, in excess of $75,000.00, for past, present, and future expenses, including: (1) medical expenses; (2) loss of earning capacity; (3) loss of enjoyment of life; (4) and disability. *Id.* at 6-7.

**II.     PRESENT MOTION**

Defendants now move this Court for summary judgment on Ridl's claims. R. Doc. 27. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-movant, show that there is no genuine dispute as to any material fact. *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the nonmoving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," the non-movant must come forward with "specific facts" showing a genuine factual dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine dispute for trial. *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)

### III. DISCUSSION

In support of their motion for summary judgment, Defendants point out that in order to establish a claim for medical malpractice in Louisiana, Ridl must establish by a preponderance of the evidence the standard of care applicable to the particular physician, a violation by the physician of that standard of care, and a causal connection between the physician's alleged negligence and his alleged injuries. LA. REV. STAT. § 9:2794(A); *Pfiffner v. Correa*, 643 So. 2d 1228, 1233 (La. 1994); *Martin v. E. Jefferson Gen. Hosp.*, 582 So. 2d 1271, 1276 (La. 1991). "The Louisiana Supreme Court has held that, because of the complexity of most medical malpractice cases, the

absence of expert testimony that the physician breached the proper standard of care generally precludes the imposition of liability." *Chinchilla v. United States*, 1999 WL 993640, at *2 (E.D. La. Nov. 2, 1999) (citing, *inter alia*, *Pfiffner*, 643 So. 2d at 1233). "This is especially true where . . . the defendant . . . has filed a motion for summary judgment supported with expert opinion evidence that the treatment met the applicable standard of care." *Chinchilla* at *2 (citing *Lee v. Wall*, 726 So. 2d 1044, 1046 (La. App. 2 Cir. 1999)).

Here, Ridl failed to submit any expert report by the applicable deadline. In lieu of a response in opposition to Defendants' motion for summary judgment, Ridl asks the Court to continue this case for a year to allow him additional time to obtain counsel. The Court is sympathetic to Ridl's argument that his failure to submit an expert report was due to his *pro se* status and his lack of knowledge that he needed to do so. But Ridl's prior counsel withdrew in July of 2022; it is now February of 2023. The Court has given Ridl every opportunity to obtain new counsel, including previously extending deadlines. At this point, it would be unduly prejudicial to Defendants to push trial in this matter back for another year.

Defendants have submitted an expert report indicating that Dr. Diamond's treatment of Ridl did not breach any standard of care. R. Doc. 27-2. In the absence of any expert testimony from Ridl that Dr. Diamond breached the proper standard of care, Ridl cannot create a genuine issue of material fact as to whether Defendants are liable to him for his alleged injuries. Accordingly, a grant of summary judgment to Defendants is appropriate.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED**. Plaintiff's Motion for Continuance is hereby **DENIED**.

New Orleans, Louisiana, this 9th day of February, 2023.

_____
United States District Judge